CJ22 3812-
Ogden



**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| JIMMIE RICHARDSON, Individually,<br>DEBBIE RICHARDSON, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>CRST EXPEDITED, INC., CRST MALONE<br>INC., CRST INTERNATIONAL, CRST INC.<br>FRANCIS KALLON, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CJ-2022-3812**<br>FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>AUG 1 0 2022<br><br>RICK WARREN<br>COURT CLERK<br>42_____ |

## PETITION

COMES NOW the Plaintiffs, Jimmie Richardson and Debbie Richardson and for their cause of action against Defendants, CRST Expedited, Inc., CRST Malone Inc., CRST International, CRST, Inc. (hereinafter "CRST"), and Francis Kallon hereby alleges and state as follows:

1. That the Plaintiff Jimmie Richardson is a resident of Oklahoma County, State of Oklahoma.

2. That the Plaintiff Debbie Richardson is a resident of Oklahoma County, State of Oklahoma.

3. That the Defendant Francis Kallon, upon information and belief, is a resident of Columbus, State of Ohio.

4. That the Defendants, CRST is a trucking company operating in the State of Oklahoma and owns significant real estate in the State. CRST also employs Oklahoma citizens and conducts significant trucking operations in Oklahoma and has significant contacts with Oklahoma.

5. Pursuant to 12 Okla. Stat. §§ 133, 135 and 137, venue is proper in Oklahoma County, Oklahoma.

6. Jurisdiction is proper in Oklahoma County, Oklahoma as the wreck at issue in the case occurred in Oklahoma County and Defendants own significant property in Oklahoma, they conduct significant business in Oklahoma and employ Oklahoma employees.

7. Plaintiffs assert that the amount sought as damages, exclusive of interest and costs, is in excess of $75,000.

8. That on or about the 13th day of August 2020, in Oklahoma City, Oklahoma, Plaintiff Jimmie Richardson was driving a 2017 Volkswagen northbound on Interstate 35. Plaintiff was operating his vehicle in a reasonable and prudent manner. Defendant Francis Kallon was driving a 2015 brown Kenworth Freightliner, VIN 3AKJGLD59FSG2689, owned by the Defendants and was traveling adjacent to Plaintiff. Defendant Francis Kallon failed to change lanes safely and crashed into Plaintiff's vehicle. Said collision directly and proximately resulted in Plaintiff, Jimmie Richardson suffering injuries.

9. That Defendant Francis Kallon was negligent in operating his vehicle which caused the wreck complained of herein. The collision was the direct and proximate result of the negligence of the Defendant's Francis Kallon and CRST.

10. That at the time of the collision, Defendant Francis Kallon was in the course and scope of his employment for CRST and was expressly authorized by Defendants to operate the subject freightliner that was involved in the collision.

11. Said wreck was caused by the negligent acts and omissions of the Defendants, Francis Kallon and CRST in the following particulars:

    A.    Failure to devote full time and attention to the operation of a motor vehicle;

    B.    Failure to keep a proper lookout ahead;

    C.    Failure to take evasive action to avoid a collision;

    D.    Failure to use braking and/or steering mechanisms to avoid the collision;

    E.    Operating a motor vehicle in a negligent manner;

    F.    Driving at a speed unsafe for the conditions then and there existing;

    G.    That at the time of the subject collision, Defendants CRST knew or should have known that its employee, Francis Kallon, was not a fit and prudent operator. In disregard of this knowledge, and contrary to their own rules and policies, and contrary to good and prudent management policies, Defendants negligently retained, permitted and entrusted Defendant Kallon with the vehicle that collided with the Plaintiff. This conduct by Defendant CRST was grossly negligent and Plaintiffs demand punitive damages against Defendants CRST in an amount in excess of $75,000.00 to punish the Defendants and to deter like conduct by others in the future.

12.    That Defendants violated the U.S. Department of Transportation Rules and Regulations, Federal Motor Carrier Safety Regulations, 49 U.S.C. 3102, 49 U.S.C. App. 12701 et seq., 49 C.F.R. 1.48, §§ 390.1 – 390.37.

13.    That Defendants violated the Motor Carrier Safety Regulations, (Okla.) as set out in Title 47 O.S. §230.21, et seq.

14.    That Defendants violated the "Rules of the Road", Title 47 O.S. §11, et seq.

15.    That Defendants' violations as set out above constitute negligence per se.

16. That Plaintiff's injuries were caused by Defendants' negligent acts and/or omissions as set out above which was under the exclusive control and management of Defendants. That the incident was of a kind which ordinarily does not occur in the absence of negligence and therefore Plaintiff contends such negligence constitutes Res Ipsa Loquitur.

17. That Defendants Kallon and CRST were so grossly negligent and/or reckless that punitive damages in an amount in excess of $75,000.00 should be awarded against them to punish them.

18. Prior to this collision, Plaintiff was in good health with a normal life expectancy, but as a direct and proximate result of the Defendants' negligence, Plaintiffs have sustained damages for which they are entitled to recover.

19. Pursuant to the provisions of 12 O.S. § 3226(B)(2), Plaintiffs submit this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiffs advise that all damages recoverable by law are sought, including those listed in OUJI 2d 4.1. Under item (K), Plaintiffs medical bills incurred to date are in the approximate amount of $15,000, which amount is subject to increase as Plaintiff Jimmie Richardson is in need of a L3-4 / L4-5 360 fusion at a cost of $253,900.00+. At this point, Plaintiffs do not know the amount of future medical expenses. These items are among the elements for the jury to consider in fixing the amount of damages to award Plaintiffs. Other than the amounts which Plaintiffs have specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiffs are unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

    A.    Plaintiffs' physical pain and suffering, past and future;

B. Plaintiffs' mental pain and suffering, past and future;

C. Plaintiffs' age;

D. Plaintiffs' physical condition immediately before and after the accident;

E. The nature and extent of Plaintiffs' injuries;

F. Whether the injuries are permanent;

G. The physical impairment

H. The disfigurement;

I. Loss of [earning/time];

J. Impairment of earning capacity;

K. The reasonable expenses of the necessary medical care, treatment and services, past and future.

L. Plaintiff, Debbie Richardson is the spouse of Plaintiff Jimmie Richardson. Plaintiff Debbie Richardson has a loss of consortium as a result of the injury to Plaintiff Jimmie Richardson.

**WHEREFORE,** Plaintiffs pray for judgment in an amount in excess of $75,000.00 for compensatory damages, punitive damages, together with attorneys' fees, pre-judgment and post-judgment interest, costs of this action, and for such other relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Kevin Hill*

Kevin E. Hill, OBA #15256
COLBERT COOPER HILL
415 NW 11th Street
Oklahoma City, OK 73103
Kevin@GetColbert.com
(405) 218-9200 Office
(405) 692-5371 Facsimile
Attorney for Plaintiff

**ATTORNEY'S LIEN CLAIMED**